UNITED STATES OF AMERICA,
*Plaintiff*,

v.

JOSE FRANCISCO COSME-ZAETÓN,
*Defendant*.

CRIM. NO. 17-031 (PAD)

**PLEA AND FORFEITURE AGREEMENT
IN ACCORDANCE WITH RULE 11(c)(1)(A) & (B)**

**TO THE HONORABLE COURT:**

The United States of America, by and through the undersigned attorneys, the defendant, **JOSE FRANCISCO COSME-ZAETÓN,** and the defendant's attorney, AFPD Sulay Ríos-Fuentes, very respectfully state to this Honorable Court that they have reached an agreement (the Agreement"), the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY:**

The defendant, **JOSE FRANCISCO COSME-ZAETÓN,** agrees to plead guilty to **COUNT TWO** (Coercion and Enticement of Minors) of the Indictment and admit to the **FORFEITURE ALLEGATION** pending against him. More specifically, **COUNT TWO** of the Indictment charges as follows:

**COUNT TWO**
Coercion and Enticement of Minors
(Title 18, *United States Code*, Section 2422(b))

From in or about December, 2016 through on or about January 13, 2017, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,
**JOSÉ FRANCISCO COSME-ZAETON,**
the defendant herein, used any facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce,

an individual who had not attained the age of 18 years to engage in sexually explicit conduct for which any person can be charged with a criminal offense. All in violation of Title 18, *United States Code*, Section 2422(b).

### FORFEITURE ALLEGATION
### Related to Production of Child Pornography
### (Title 18, *United States Code*, Section 2253(a))

For the purpose of alleging forfeiture, and pursuant to Title 18, *United States Code*, Section 2253, the allegations of COUNT ONE of this Indictment are re-alleged as if fully set forth herein. If convicted of any of the offenses set forth above,

### JOSÉ FRANCISCO COSME-ZAETON,

the defendant herein, shall forfeit to the United States:
a) any visual depiction described in this Indictment or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

Such property includes, but is not limited, to a Samsung S5 Cellphone Model SM-G900W8, bearing Serial Number SN-RV8F7DY1FJD, made in China.

All in violation of Title 18, *United States Code*, Section 2253(a).

2. **MAXIMUM PENALTIES**

The maximum penalty for the offense charged in **COUNT TWO** of the Indictment is a term of **not less than 10 years' imprisonment** up to a maximum of life imprisonment, a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00), see, Title 18, *United States Code*, Sections 2422(b) and 3571(b)(3), and a term of supervised release of **not LESS than five**

**(5) years**, or life, in addition to any term of incarceration. See, Title 18, *United States Code*, Section 3559(a)(2) (Class "C" Felony) and 3583(k).

### 3. SPECIAL MONETARY ASSESSMENT

At the time of sentencing, the defendant will pay a special monetary assessment of one hundred dollars ($100.00) for each count in the Indictment for which he is pleading guilty, as required by Title 18, *United States Code*, Section 3013(a).

### 4. FINES AND/OR RESTITUTION

The Court may, pursuant to Section 5E1.2(I) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered. The defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendation as to the imposition of fines.

The Court is required to issue an Order of restitution in this case, pursuant to Title 18, *United States Code*, Sections 2259, 3663A, and 3664.

The defendant understands that any restitution calculation will be made by the U.S. Probation Office based on an analysis of any known victim and information provided by the Government, pursuant to Title 18, *United States Code*, Sections 3664(a) and (d)(1).

### 5. DOMESTIC TRAFFICKING VICTIMS' FUND SPECIAL ASSESSMENT

Pursuant to the "Justice for Victims Trafficking Act of 2015," Title 18, *United States Code*, Section 3014, the Court shall access an amount of Five Thousand Dollars ($5,000.00) **per relevant count of conviction**, for a total of $5,000 in this case, on any non-indigent person or entity convicted of an offense under: a) chapter 77 (relating to peonage, slavery, and trafficking in persons); b) chapter 109A (relating to sexual abuse); c) chapter 110 (relating to sexual exploitation

and other abuse of children); d) chapter 117 (relating to transportation for illegal sexual activity and related crimes; or, e) section 274 of the "Immigration and Nationality Act" (8 U.S.C. §1324) (relating to human smuggling) unless the person induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. **ADVISORY NATURE OF THE SENTENCING GUIDELINES**

The defendant is aware that pursuant to the United States Supreme Court decisions in *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

8. **SENTENCING GUIDELINE CALCULATIONS**

The United States and the defendant agree that the following Sentencing Guidelines calculations apply to the defendant's conduct with regard to **COUNT TWO** of the Indictment:

|  | | |
|---|---|---|
| **Sentencing Guidelines Calculations Table**<br>**COUNT TWO:** Coercion and Enticement of Minors<br>(Title 18, *United States Code*, Section 2422(b)) | | |
| §2G2.1 (a) | Cross Reference applied under §2G1.3(c) | 32 |
| §2G2.1 (b)(1)(A) | The offense involved a minor who had: … (B) attained the age of twelve years but not attained the age of sixteen years, increase by 2 levels. | +2 |
| §2G2.1 (b)(6)(B)(ii) | (B) the use of a computer or an interactive computer service to--or (ii) solicit participation with a minor in sexually explicit conduct, increase by 2 levels. | +2 |
| Acceptance | Acceptance of Responsibility, U.S.S.G. § 3E1.1 (a) | -3 |

| Sentencing Ranges Count TWO | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | 33 |
|---|---|---|---|---|---|---|---|---|---|
| | 33 | 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 | | |

## 9. SPECIFIC SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in Title 18, *United States Code*, Section 3553(a), as to **COUNT TWO**, the parties agree that the defendant may argue for a sentence at the lower end of the applicable guideline range based on a TOL of 33, or 135 months, while the Government reserves the right to argue for a sentence of imprisonment of up to 144 months, when combined with defendant's criminal history category.

Then, at sentencing, the United States will request the dismissal of **COUNT ONE** of the Indictment, which carries a mandatory minimum term of fifteen (15) years' incarceration.

## 10. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties. Moreover, the defendant agrees that he will not seek a sentence more lenient than the one detailed in the previous paragraph under any

of the factors contained in Title 18, *United States Code*, Section 3553, as that the same is a reasonable sentence.

11. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

12. **DISMISSAL OF REMAINING COUNTS**

At sentencing, the United States agrees to dismiss **COUNT ONE**.

13. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court that he is satisfied with his legal counsel Sulay Ríos-Fuentes, and further indicates that Ms. Ríos has rendered effective legal assistance.

14. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Agreement, he surrenders certain rights as provided herein. Defendant understands that the rights of criminal defendants include the following:

  a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.
  b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent; that it could not convict the defendant unless, after hearing all the

evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, the defendant could testify in his own behalf.

### 15. STATEMENT OF FACTS

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 16. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal district, state or local authorities. Furthermore, the defendant is fully aware that the Court is not bound by this Plea Agreement, nor is it bound by the advisory sentencing guidelines calculations, any stipulations, or any sentence recommendations.

17. **ENTIRETY OF PLEA AGREEMENT**

This written Agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except those set forth in writing in this Plea Agreement. The United States further denies the existence of any other terms or conditions not stated herein.

18. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

19. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if this Honorable Court accepts this Plea Agreement and imposes an imprisonment sentence of 168 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence including, but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

20. **VOLUNTARINESS OF GUILTY PLEA**

The defendant hereby acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is truly guilty.

21. **IMPACT UPON CONVICTION**

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at Title 18, *United States Code*, Section 2250 and Title 42, *United States Code*, Section 16913. As a registered Sex Offender,

defendant further understands that his status as a convicted sex offender, and related information, will be made public. Defendant further acknowledges that he may or may not be required to register for life.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

_____
**José Capó-Iriarte**
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 7/5/18

_____
**Jose Francisco Cosme-Zaetón**
Defendant
Dated: 7/5/2018

_____
**Nicholas W. Cannon**
Assistant United States Attorney
Deputy Chief, Immigration, Cybercrimes and Exploitation Unit
Dated: 7.5.2018

_____
**Sulay Ríos-Fuentes, AFPD**
Counsel for Defendant
Dated: 7/5/2018

_____
**Cristina Caraballo-Colón**
Special Assistant United States Attorney
Immigration, Cybercrimes and Exploitation Unit
Dated: June 28, 2018

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 7/5/2018

JOSE FRANCISCO COSME-ZAETÓN,
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 7/5/2018

Sulay Ríos-Fuentes, AFPD,
Counsel for Defendant

# GOVERNMENT'S VERSION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility.

The United States has provided full discovery to the defendant in accordance with Rule 16 of the Federal Rules of Criminal Procedure. In addition, all of the witnesses needed by the United States to prove the elements of the offenses charged in the Indictment remain ready and available to testify. Had this case gone to trial, the United States would have proven beyond a reasonable doubt all of the elements of the offenses charged in the Indictment, including the following specific facts:

On or about January 13, 2017, Homeland Security Investigations (HSI) Ponce received from the Puerto Rico Police Department (PRPD) Ponce Sex Unit Crimes a complaint regarding a 23-year-old male individual named Jose Francisco COSME-Zaeton, also known as (AKA) "CHINO," who had requested sexually explicit images from a 13-year-old female minor (FM).

During an interview with the minor, authorized by her mother, the FM confirmed to HSI agents that she was 13 years old and that COSME-Zaeton knew she was a minor because he had visited her at her middle school about five times. The minor told HSI agents that she communicated with COSME using Facebook Messenger and that started she chatting with him around November, 2016. She said that COSME-Zaeton told her that he was 23-years-old, that he had asked her for photos of herself in underwear and naked. The minor said that she had sent COSME more than 5 photos of herself naked using Facebook Messenger.

After obtaining the FM's mother consent to access the minor's Facebook account bearing profile name "[Minor's name] La Pauti," agents found a chat conversation between COSME-Zaeton and the FM that took place between December 21, 2016 and January 13, 2017. From its contents, it seemed that previous chat conversations had taken place but were not recovered by law enforcement.

In the recovered conversation, COSME-Zaeton asked the FM to go to the bathroom with the cellular phone and take a couple of pictures of herself naked and send them to him. A few days later, in the conversation, COSME-Zaeton sent the FM two photos of himself: one in underwear and one naked. COSME-Zaeton asked the FM if she had a tube of deodorant or perfume

that she could use to masturbate, or that she could escape to the parking lot for them to meet in person.

On the last day of the recovered conversation, COSME-Zaeton told the FM that when the school semester started, she would not have that many classes and that he wanted to see her and to be with her (referring to engaging in sexual activity) on the roof of his workplace because he was crazy for her. On that same day, COSME-Zaeton sent the FM two (2) photos of him naked. COSME-Zaeton asked the FM to go to the bathroom and take a couple of pictures of herself like the ones she had sent him before (referring to sexually explicit pictures). COSME-Zaeton ended the conversation telling the FM that he was waiting for the requested photos in order for him to take a shower and masturbate thinking of her.

After obtaining the FM's mother consent, HSI Agents assumed the FM's online identity and continued the Facebook conversation with COSME-Zaeton as undercover (UC) agents. During the UC conversation, COSME-Zaeton said that he desired her and missed her. The UC then asked COSME-Zaeton what did he do with the naked pictures that the FM had sent him of herself naked. COSME-Zaeton replied that he had deleted them. COSME-Zaeton told the UC that he wanted to be the FM's boyfriend and that he did not care that she was a minor. COSME-Zaeton further told the UC that he did not care that the FM was 13 years old and he was 23.

On January 17, 2017, HSI Ponce Agents interviewed COSME-Zaeton and after waiving his constitutional rights, he said that he knew the FM through her father; that he had visited her at her middle school; that he had requested sexually explicit photos and videos from her; that in some of the videos, the FM is depicted masturbating herself; and that he had sent her photos of himself naked.

Had this matter gone to trial, the United Stated would have would have proven beyond a reasonable doubt that COSME-Zaeton is guilty of Coercion and Enticement of Minors as charged in Count TWO of the Indictment through the presentation of witness testimonies, physical and documentary evidence, and the actual videos containing sexually explicit images produced with the minor.

_____
**Cristina Caraballo-Colón**
Special Assistant United States Attorney
Dated: 7/5/2018

_____
**Jose Francisco Cosme-Zaetón**
Defendant
Dated: 7/5/2018

_____
**Sulay Ríos-Fuentes, AFPD,**
Counsel for Defendant
Dated: 7/5/2018